UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23665-CIV-MORENO/TORRES

JOSE JAVIER SARUT,

    Petitioner,

vs.

KENNY ATKINSON, Warden, FCI/FPC MIAMI, FEDERAL BUREAU OF PRISONS

and

FEDERAL BUREAU OF PRISONS,
an agency of the Department of Justice,

    Respondents.
_____/

## REPORT AND RECOMMENDATION ON PETITION FOR SENTENCE REDUCTION UNDER § 2241

This matter is before the Court upon Jose Javier Sarut's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 or, in the alternative, for a Writ of Mandamus, filed on December 12, 2009, seeking a determination that Petitioner is eligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B)[1].  [D.E. 1].  The United States of America ("Government") responded on March 22, 2010.  [D.E. 10].  After careful review of the record and the arguments presented, we conclude that Petitioner's motion to deem him eligible for a discretionary sentence reduction under 18 U.S.C. § 3621(e)(2)(B) should be **DENIED**.

---

[1] The Honorable Federico A. Moreno referred this matter to the undersigned Magistrate Judge. [D.E. 3].

## *I.   BACKGROUND*

Petitioner is currently an inmate at the Federal Prison Camp in Miami, Florida. [D.E. 1]. On August 30, 2000, Petitioner pled guilty in the Southern District of Florida, Case No. 00-274, to three felony counts, two counts for possession with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and one count for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 18 months incarceration for the § 841 counts and 12 months incarceration on the § 924 count, with the two sentences to be served consecutively for a total of 30 months incarceration. [D.E. 97, No. 00-274]. In addition, Petitioner was sentenced to 4 years of supervised release on all three counts "to be served concurrently" upon release from prison.

After being released from prison and while serving his 4 years of supervised release from Case No. 00-274, Petitioner was charged in a new indictment, Case No. 04-20743. After pleading guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, he was sentenced on November 16, 2005, to a term of 120 months of incarceration to be followed by a term of 5 years of supervised release. [D.E. 27, No. 04-20743]. Thereafter, the United States Attorney's Office for the Southern District of Florida filed a motion to reduce the Petitioner's sentence pursuant to Fed. R. Crim. P. 35(b). On April 26th, 2007, the district court judge reduced the 120 month sentence to a term of 66 months. [D.E. 39, No. 04-20743].

Along with the new arrest and Indictment in 2004, the Petitioner was also charged with violating his supervised release conditions from Case No. 00-274. [D.E.

140, No. 00-274]. The district court judge ordered that the 12 month sentence for violation of supervised release run consecutive to the sentence imposed in Case No. 04-20743. *Id.*

When an inmate is serving multiple terms of imprisonment, like Petitioner here, the BOP is directed by 18 U.S.C. § 3584(c) to treat the sentences as a "single, aggregated term of imprisonment." Furthermore, it is noteworthy, for the purposes of this Petition, that the Judgment in the Criminal Case from the supervised release violation does not make a specific finding as to whether the 12 month term of incarceration for violation of supervised release arose from the narcotics charges or from the firearm offense of the 2000 Indictment. *Id.*

While in prison for his conviction stemming from Case No. 04-20743, Petitioner was granted eligibility into the Federal Bureau of Prisons Residential Drug and Alcohol Program (hereinafter "RDAP"). [D.E. 1]. Under § 3621(e), Congress provided for sentence reductions to inmates "convicted of a nonviolent offense" who complete the program. 18 U.S.C. § 3621(e)(2)(B). In Program Statement § 550.55, the statute at issue in this Petition, the BOP expressly enumerates categories of inmates that are excluded from § 3621(e)'s sentence reduction due to the violent nature of their conviction. The regulation excludes "current felony convictions" for "[a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device)." 28 C.F.R. § 550.55(b)(5)(ii). It is undisputed that Petitioner's 2000 conviction under § 924 is included as an enumerated conviction, possession of a firearm, proscribed by § 550.55.

3

After Petitioner entered the RDAP, Respondents advised him that he would not be eligible for early release. During Petitioner's subsequent pursuit of administrative relief from this determination, Respondents informed Petitioner that "[s]ince your instant offense is a crime of violence, you are ineligible for early release [because] . . . . the aggregation of the Supervised Release Violation and the precluding offense means both sentences are considered current offenses." [D.E. 1, Ex. 7]. Thus, according to Respondents, Petitioner falls within § 550.55(b)(5)(ii) and is excluded from early release.

Petitioner argues that Respondents' interpretation of "current conviction" to encompass his conviction under § 924 in Case No. 00-274 is (1) contrary to the unambiguous meaning of the statute, and (2) arbitrary and capricious. In support of this position, Petitioner initially maintains that a supervised release violation results in a separate sentence from the predicate sentence. Next, Petitioner claims that Respondents have ignored the distinction between a sentence and conviction. In this argument, Petitioner alleges that, even if part of his current sentence arises from a firearms offense, no current conviction does. Specifically, he asserts that for purposes of the statute an inmate may only have one current conviction at a time, and, therefore, that his conviction in Case No. 04-20743 renders his original conviction in Case No. 00-274 to be a prior conviction. Last, Petitioner argues that the revocation of his supervised release should apply only to his § 841 counts and not to his § 924 count.

Respondents counter with two arguments. First, Respondents contend that when the Petitioner was arrested for a new offense and received two sentences – one

on the new offense and a second for a violation of the terms of his supervised release – the original conviction for a § 924 offense was resurrected and made a "current conviction", thereby barring early release eligibility. Second, Respondents claim that the supervised release violation applies equally to all counts of the original conviction in Case No. 00-274.

## II.   ANALYSIS

### A.   *Applicable Law*

The leading case on the judiciary's review as to whether an agency has acted lawfully is *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837 (1984). When a court reviews an agency's construction of the statute which it administers, *Chevron* instructs the court to engage in a two-part analysis. *Id.* at 843-45. First, the court must decide "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Id*. However, "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id*. Accordingly, "if [the agency's construction of the statute] represents a reasonable accommodation of conflicting policies that were committed to the agency's care by statute, we should not disturb it unless it appears from the statute or its legislative history that the accommodation is not one that congress would have sanctioned." *Id.* (citing *United States v. Shimer*, 367 U.S. 374, 382-83 (1961)). The Supreme Court has declared the BOP to be an agency entitled to *Chevron* deference.

*Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (citing *Reno v. Koray*, 515 U.S. 50, 61 (1995)).

The most recent relevant case on this issue is *Barber v. Thomas*, No. 09-5201, 2010 WL 2243706 (U.S. June 7, 2010). In *Barber*, prisoner/petitioners challenged the BOP's application of 18 U.S.C. § 3624(b), which allows the BOP to give a prisoner "good time credit." That statute states:

> [A] prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b). In applying the "good time credit", the BOP awarded prisoners credit at the end of each year served in prison. The prisoner/petitioners in *Barber* challenged this application alleging that the statute required the BOP to give them good time credit on their entire sentence, not just the time served.[1] The Supreme Court upheld the BOP's application in *Barber*: "In our view, the BOP's calculation system applies that statute as its language is most naturally read, and in accordance with what that language makes clear is its basic purpose." *Barber*, 2010 WL 2243706, at * 7. Having determined that the BOP applied the statute at it is most naturally read and in accordance with the statute's purpose, the Supreme Court found that it

---

[1] As further explained by the Court in its opinion, by giving prisoners credit for time served, as opposed to full sentence, the prisoner is afforded less total good time credit.

6

need not analyze the BOP's application under the second level of the analysis in *Chevron*.

Accordingly, *Barber* provides clarification on the application of the first step in the *Chevron* analysis: where the BOP's application of a statute it is entrusted to administer is in accordance with the most natural reading of the statute and the basic purpose of the statute (as that purpose is made clear by the natural reading of the language of the statute), then Congressional intent is clear and unambiguous. Where the BOP's application is in line with this standard it is upheld and there is no need to determine whether the agency's application is based on a permissible construction of the statute - i.e., the second step in the *Chevron* analysis.

### B.     *The BOP's Interpretation of "Current Conviction"*

Petitioner argues that Respondents' application of "current conviction" to a conviction resurrected through a supervised release violation is both contrary to the plain meaning of the statute and unreasonable. As set forth in *Chevron* and *Barber*, the first step in the Court's analysis is to determine whether "Congress has directly spoken to the precise question at issue"; i.e., whether "current felony conviction," in the context of Program Statement § 550.500, has a clear and plain meaning. For the reasons enumerated below, we find that "current felony conviction" is unambiguous and expresses a clear congressional intent, which the BOP has followed in the present case. Accordingly, for the same reasons we find that, even *if* the statute were ambiguous, the BOP's application in this case is undoubtedly a reasonable construction of the statute.

Petitioner initially argues that the BOP's interpretation of "current conviction" is contrary to its plain meaning because a supervised release violation is separate from its predicate conviction. However, this contention is without merit. The Eleventh Circuit has held "that revocation of probation [i.e., supervised release] is part of a defendant's original sentence because 'revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense underlying that sentence.'" *United States v. Thomas*, 224 Fed. Appx. 876, 877 (11th Cir. 2007) ( quoting *United States v. Woods*, 127 F.3d 990, 992-93 (11th Cir. 1997)). Therefore, Petitioner's current sentence for the supervised release violation is part of his original sentence for his conviction for firearms charge and is not its own conviction. "The violation of the terms of his supervised release . . . resulted not in a conviction of crime, but in the revocation of his supervised release . . . and an increased custodial term. This additional penalty relates back to the conviction . . . ." *United States v. Romines*, 204 F.3d 1067, 1069 (11th Cir. 2000). Thus, pursuant to the plain meaning of conviction, Petitioner is currently serving a sentence that extends his 2000 conviction under § 924.

To support his position, Petitioner relies on an isolated case from the District of Oregon, *Lewis v. Daniels*, 528 F. Supp. 2d 1099, 2007 U.S. Dist. LEXIS 91306 (D.C. Ore. 2007). In *Lewis*, the BOP denied an inmate eligibility for early release because the inmate had a violent prior conviction. *Lewis* concluded that "[r]espondent's contention that petitioner should be disqualified for early release because of his prior conviction for possessing a firearm. . . must be rejected." *Lewis*, 538 F. Supp. 2d at

1101. However, in *Lewis*, unlike here, Respondent argued that the Petitioner's prior firearms conviction disqualified Petitioner from early release under Program Statement § 550.55(b)(4), which deems an inmate ineligible based on certain enumerated prior felony or misdemeanor convictions. Thus, although the facts of *Lewis* are analogous to the present case, the specific argument proffered in that case is different from Respondent's argument that § 550.55(b)(5) encompasses the original conviction. In any event, *Lewis* cuts against established precedent in the Eleventh Circuit. *See, e.g., Romines*, 204 F.3d at 1069 (holding that the Petitioner's violation of his supervised release terms related back to the original conviction). Consequently, this Court declines to follow *Lewis* in the manner in which Petitioner would seek to apply its conclusion here.

Furthermore, Petitioner argues that, even if the supervised release violation were an extension of the original § 924 conviction, he nonetheless would be serving a "current sentence" and not a "current conviction" stemming from the § 924 charge. According to Petitioner, under the plain meaning of "current" his most recent conviction for conspiracy to possess with intent to distribute renders any other conviction a "prior conviction." However, as discussed above, and as maintained by the BOP, the supervised release violation resurrects the original conviction, not just the sentence. *See, e.g., Romines*, 204 F.3d at 1069. While it is true that Petitioner is no longer serving the original sentence for the offense that involved the carrying, possession, or use of a firearm, Petitioner's current sentence (for the violation of the terms of supervised release on that offense) renews the sentence for that conviction,

9

making his conviction for an offense that involved the carrying, possession, or use of a firearm current. *See Thomas*, 224 Fed. Appx. at 877. And given the Eleventh Circuit's determination that a supervised release violation extends the original conviction and makes it current, the BOP's statutory construction in this case is in accordance with the statute's plain meaning.

Moreover, logic counsels against Petitioner's stance on this issue. Counsel for Petitioner conceded at the hearing on this habeas petition that, were the current sentence only a supervised release violation of a § 924 conviction, then the Petitioner would undoubtedly have a current felony conviction for § 924 under controlling Eleventh Circuit precedent. Thus, the only distinguishing factor in this case is the additional conviction for intent to distribute cocaine. We find it highly unlikely – indeed rather impossible – that Congress intended for an inmate who is serving a sentence for multiple convictions, such as Petitioner here, to be eligible for early release, while an inmate serving only a single supervised release violation connected with a § 924 conviction to be ineligible. The BOP's interpretation therefore promotes the expressed and implicit intent of Congress.

Petitioner also relies on *Byrd v. Hasty*, 142 F.3d 1395 (11th Cir. 1990). *Byrd* dealt with 18 U.S.C. § 3621(e)(2)(B), which disallowed eligibility for good time relief to individuals based upon whether they had been convicted of a crime of violence. Byrd was convicted of conspiracy and possession with intent to distribute cocaine, and he also received a sentence enhancement under the guidelines because one of his co-conspirators possessed a firearm. However, he was not convicted of a crime of violence.

10

The BOP determined that he was not eligible for certain mitigation, and that the guideline sentencing enhancement rendered him ineligible. But the Eleventh Circuit then held that the BOP exceeded its statutory authority and abused its discretion when it categorically excluded from eligibility inmates convicted on non-violent offenses simply because they received a guideline sentence enhancement for possession of a firearm.

*Byrd* is of no moment to the Petitioner as it easily distinguishable from this case. While both involve the BOP's interpretation of the term "conviction," in *Byrd* the BOP attempted to categorize a sentence enhancement as a conviction. Because Byrd was never convicted for possession of a firearm, but rather received a sentence enhancement because a co-conspirator possessed a firearm, *Byrd* found the BOP's interpretation was "simply in conflict with the statute's plain meaning." *Id.* at 1398.

Here, on the other hand, Petitioner was convicted of a firearms offense. Under the plain meaning of "current conviction," Petitioner's most recent conviction renewed the sentence for the firearm conviction, making it current. The BOP's interpretation of its statute is thus more analogous to *Barber*, where the United States Supreme Court held that the BOP's interpretation was in accordance with the plain meaning. Although the statute at issue in *Barber* is different than here, in both instances the BOP "[gave] effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 843. Program Statement § 550.50(b)(5) excludes inmates with a current felony conviction, and Petitioner has such a current felony conviction because his supervised release violation extends his conviction under § 924, making it current. Because the

11

BOP's interpretation of the plain meaning of its regulation is consistent and in accordance with controlling law, it is reasonable and enforceable.

### C. *The Supervised Release Violation Includes the § 924 Conviction*

As a final matter, Petitioner contends that even if his supervised release violation is an extension of his prior conviction, it stems from the § 841 counts and not the § 924 count. However, Petitioner acknowledges in his brief that when he violated the terms of his supervised release, "[t]he judge declined to specify a particular count in its revocation order." [D.E. 13]. In such cases, BOP Program Statement 5880.28 states, "[i]f there is more than one period of supervised release to follow, supervision in the community is consolidated and if the supervised release is revoked it is revoked for all sentences involved . . . ." PS 5880.28 p.1-69. Additionally, Petitioner points to the 2008 and 2010 Sentencing Monitoring Computation Data forms to show that the supervised release violation is connected to the drugs charges and not the firearms charge. However, at the hearing on the motion the government made clear that the forms were administrative errors. Additionally, the BOP subsequently notified Petitioner on several occasions that he was ineligible because of his § 924 violation. Consequently, Petitioner's supervised release violation applied to all of his 2000 convictions, including the § 924 firearms conviction.

### III. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that Petitioner Sarut's Motion should be **DENIED**.

Pursuant to the Local Magistrate Rule 4(b), the parties have ten (1) business days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 5th day of July, 2010.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge